UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JAMES McCARTNEY,

    Petitioner,

vs.

V. CULLEN, Warden,

    Respondent.

No. C 11-0583 PJH (PR)

**ORDER DENYING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, a California prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Venue is proper in this district because petitioner is confined in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was convicted in 1979 of first degree murder. He was sentenced to a term of twenty-five years to life. He was denied parole for the tenth time on January 8, 2009; that decision is the target of this habeas petition. He challenged the denial of parole in state habeas petitions, raising the issues presented here; all were denied.

## DISCUSSION

**A.    Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

    **1.    Form Petition**

Petitioner lists three issues in the form portion of his petition. These are: (1) the denial of parole was a violation of due process because petitioner had "met all statutory and regulatory requirement for being founds suitable for parole;" (2) the Board's reliance on immutable circumstances of the offense to deny parole violated due process; and (3) the Board's requirement that he admit that he was the shooter violated California law and thus was a violation of his due process rights.

Claims one and three are at heart state law claims, in that the basis for relief is a contention that the Board did not comply with state law. Violations of state law cannot be the basis for habeas relief, s*ee Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law), and petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process," *Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Claims one and three therefore are without merit.

Claim two is a "*Biggs* claim," so called because in *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003), the Ninth Circuit said in dictum that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment,

[would] run[] contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Id.* at 916-17.  *Biggs* was, however, overruled on that point by *Hayward v. Marshall,* 603 F.3d 546, 556 (9th Cir. 2010) (en banc).  This claim also is without merit.

### 2. Memorandum of Points and Authorities in Support of Petition

In his "Petition for Writ of Habeas Corpus: Memorandum of Points and Authorities," petitioner presents what appear to be somewhat different issues than those listed in the form petition.  In his "Summary of Grounds for Relief" he seems to say that there is only one issue, that there was not "some evidence" to support the denial.  The United States Supreme Court has recently held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011).  That is, there is no due process requirement that a parole denial be supported by "some evidence."  To the extent "some evidence" is petitioner's claim, it therefore is without merit.

In the body of the memorandum, petitioner provides discussions under several headings.  In Section I, petitioner contends that he may challenge the denial of parole in a habeas proceeding.  This is correct, but is not grounds for habeas relief in itself.

In the heading of Section II, petitioner contends that the Board's reliance on the commitment offense to deny parole violated due process because the "Unchanging Factors of the Crime No Longer Yield[] Predictive Information as to McCartney's Current Threat to Society."  This contention might be either a *Biggs* claim or a "some evidence" claim; in either case, it fails for the reasons discussed above.

In Section III of the memorandum, petitioner contends: "The Board's Reliance on McCartney's Failure to Admit to Committing the Offense Does Not Reasonably Indicate He Is Unsuitable for Parole."  As phrased here, this issue differs slightly from the third issue in the form petition.  Here it is another "some evidence" claim – that petitioner's refusal to admit that he was the shooter is not sufficient evidence to support the denial – and for the

3

reasons discussed above cannot be the basis for habeas relief.

### 3. Summary

All of petitioner's issues are without merit as a matter of law. The petition will be summarily denied.

## C. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

For the foregoing reasons, the petition is summarily **DENIED**. *See* Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. A COA is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 15, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\McCARTNEY0583.dsm.wpd

4